---

## In Re CASE, et al.

(182 N. W. 638.)

(File No. 4480. Opinion filed April 25, 1921.)

Disbarment—Unprofessional Conduct— Allegation of Attorney's Purchase of House on Lot, Giving Note in Part Payment, Purchasing Deceased Vendor's Note, Agreeing to Pay Same, Then Offsetting Same Against Attorney's Note, Filing Decedent's Note Against Estate—Finding of Non-purchase of Lot and Non-assumption of Decedent's Obligation—Proceeding Dismissed.

Where, in a proceeding for disbarment, the charges allege that H. C., one of the respondents, bought a lot from M, and a house thereon, and in part payment agreed to pay a $225 note executed by the vendor (afterwards deceased,) and that he and

his law partner thereafter filed said note against M's estate; it being conceded that H. C. bought the house, and the evidence showing that the claim against the estate was afterwards bought by respondent and off-set against a note for $100 given by H. C. as part of said purchase money; held, that if H. C. had bought the lot and assumed and agreed to pay said $225 note, then respondents' acts were reprehensible and unprofessional; yet, referee having properly found that H. C. did not buy the lot and did not assume or agree to pay said obligation, respondents are exonerated from all charges and proceeding dismissed.

Original proceeding for disbarment, against Howard B. Case and George W. Case. Proceeding dismissed.

*Byron S. Payne, Attorney General,* and *E. R. Winans,* Assistant Attorney General, for the Prosecution.

*C. G. Sherwood,* and *Case & Case,* for Respondents.

GATES, J. The charge of unprofessional conduct made against respondents was that they filed as a claim against the estate of one Miles McLaughlin a promissory note of $225 executed by deceased for deferred payments upon a lot purchased by him at Le Beau, S. D. It was charged that the respondent Howard B. Case bought the lot and the house thereon from the said McLaughlin, and that, as a part of the purchase price therefor, the said Howard B. Case assumed and agreed to pay such promissory note. It was conceded that Howard B. Case bought the house. The claim against said estate was afterwards bought by respondents and offset against the promissory note given by said Howard B. Case to said McLaughlin for $100 as a part of the purchase price of the house. As we view the transaction, if Howard B. Case bought the lot and assumed the above $225 obligation and agreed to pay the same then the acts of respondents were reprehensible and unprofessional. If Howard B. Case did not buy the lot and did not assume and agree to pay such obligation, then the acts charged against respondents were not subject to criticism. The referee found, and we concur therein, that the said Howard B. Case did not buy the lot and did not assume and agree to pay that obligation.

The respondents are therefore exonerated from the charge filed, and the proceeding is dismissed.